IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | CIVIL ACTION NO. 02-5036 ) ) |
| C. ABBONIZIO CONTRACTORS, INC., | ) COMPLAINT ) ) JURY TRIAL DEMAND |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Katherine Zampitella, who was adversely affected by such practices. The Commission alleges that Defendant, C. Abbonizio Contractors, Inc., discriminated against Ms. Zampitella in the terms and conditions of her employment based on her sex, including requiring her to perform additional or more difficult work assignments than required of male co-workers, and subjected her to harassment based on her gender. The Commission also alleges that Defendant discharged her on about June 28, 2000, because of her sex.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, C. Abbonizio Contractors, Inc. (the "Employer"), has continuously been doing business in the State of New Jersey and the City of Sewell, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Katherine Zampitella filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Beginning in October 1999, Defendant Employer engaged in unlawful employment practices at its Philadelphia, Pennsylvania facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1), by unlawfully discriminating against Katherine Zampitella based on her sex, subjecting her to harassment based on her gender, and discharging her based on her sex. These unlawful practices include, but are not limited to, the following:

(a)  Ms. Zampitella was hired by Defendant Employer in October 1999 as a truck driver. She worked at a construction project at the Philadelphia Airport. Ms. Zampitella was the only female employed by Defendant Employer at that construction site.

(b)  Joseph Cappogrosso, Defendant Employer's Superintendent at the job site, was Ms. Zampitella's direct supervisor. Soon after she started work, the Superintendent said to Ms. Zampitella, "You ought to be home doing the dishes. How come you ain't home doing dishes?"

(c)  The Superintendent frequently called Ms. Zampitella a "f------ bitch" and repeatedly used profanity towards her. He also harassed Ms. Zampitella if she stepped out of her truck. The Superintendent often yelled at her, saying, "do not f------ move," "don't get out of that f------ truck," "get back in your f------ truck," or "you get in that f------ truck and do your job." Male truck drivers, however, were allowed to take breaks or get out of their trucks, but were not yelled and cursed at by the Superintendent.

(d)  On one occasion, Ms. Zampitella was eating her lunch in a trailer with Iron Workers. In front of numerous employees, the Superintendent falsely accused Ms. Zampitella of performing oral sex on the Iron Workers.

(e)  Even though Ms. Zampitella did not take excessive bathroom breaks, the Superintendent closely monitored Ms. Zampitella's restroom breaks and harassed her by asking, "How many f------ times do you have to go to the bathroom?" The Superintendent did not similarly monitor the bathroom breaks of her male co-workers. Moreover, the Superintendent often forced her to walk a long distance to

use a restroom, while he designated the closest restroom for the male employees.

(f) The Superintendent also discriminated against Ms. Zampitella in the terms and conditions of her employment by repeatedly assigning her to work with defective trucks and requiring her to perform additional driving duties than were assigned to male truck drivers.

(g) Ms. Zampitella repeatedly complained about the disparate working conditions and harassment to the Superintendent. She also complained to the company owner's son, Thomas Abbonizio, who also supervised the construction project. However, Defendant Employer failed to stop the gender harassment and discrimination. On one occasion, when Ms. Zampitella asked the Superintendent why he was treating her differently, he said, "You're in a man's world and you will be treated the same." Ms. Zampitella replied, "Well, if that's the case why am I running two trucks and they're running one?" The Superintendent walked away without responding.

(h) On about June 28, 2000, Ms. Zampitella sustained an injury after working on one of the defective trucks. When she reported the incident to the Superintendent, he laid her off because of her sex. However, male drivers with less seniority were not laid off at that time.

8. The effect of the practices complained of in Paragraphs 7(a)-(h) above has been to deprive Katherine Zampitella of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, male.

9. The unlawful employment practices complained of in Paragraphs 7(a)-(h) above were intentional.

10.     The unlawful employment practices complained of in Paragraphs 7 (a)-(h) above were done with malice or with reckless indifference to the federally protected rights of Ms. Zampitella.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating in the terms and conditions of employment on the basis of sex, from engaging in harassment based on sex, from laying off employees based on sex, and in any other employment practice which discriminates on the basis of sex.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Katherine Zampitella, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement of Ms. Zampitella, or frontpay, in lieu thereof, if reinstatement is not feasible.

D.     Order Defendant Employer to make whole Katherine Zampitella, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices

described in paragraph 7 above, including medical expenses and job search expenses, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Katherine Zampitella by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, depression, anxiety, inconvenience, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Katherine Zampitella punitive damages for its malicious and reckless conduct described in paragraph 7 (a)-(h) above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        1801 L Street, NW
        Washington DC 20507

_____

        JACQUELINE H. McNAIR
        Regional Attorney

_____

        JUDITH A. O'BOYLE
        Supervisory Trial Attorney

_____

MARY M. TIERNAN
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone: (215) 440-2828